# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Kurt Charles Mechler, D.C.,            Case No. 1:02-cv-948
    Plaintiff

  vs

R.W. Hodges, et al.,            **REPORT AND RECOMMENDATION**
    Defendants            (Dlott, J.; Hogan, M.J.)

      This matter is before the Court on plaintiff's motions for ruling (Doc. 107) and for revision and/or modification of the Court's Order of June 15, 2005 (Doc. 114), defendants' response in opposition thereto (Doc. 116), and plaintiff's reply memorandum. (Doc. 118).

      On June 15, 2005, the Court adopted the Report and Recommendation of the undersigned Magistrate Judge denying plaintiff's partial motions for summary judgment and granting in part and denying in part defendants' motion for summary judgment. (Doc. 104).  Plaintiff's instant motions essentially seek reconsideration of the Court's rulings against him.  In addition, plaintiff requests the entry of a final judgment as to the claims upon which he seeks reconsideration and a determination that there is "no just reason for delay" pursuant to Fed. R. Civ. P. 54(b) to enable him to pursue an interlocutory appeal to the Sixth Circuit.

      As a general rule, motions for reconsideration are not favored unless the movant demonstrates: "(1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority." *Meekison v. Ohio Dept. of Rehabilitation and Correction,* 181 F.R.D. 571, 572 (S.D. Ohio 1998) (citing *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986)).  "Neither the passage of time, during which the legal landscape did not change, nor a different spin on the

same arguments, is a proper basis for a motion for reconsideration." *Meekison*, 181 F.R.D. at 572.

Plaintiff relies on arguments previously presented to the Court in support of his motions for reconsideration. The Court has thoroughly considered such arguments and the evidence presented by plaintiff in support thereof and is not persuaded that it committed any manifest error of law in its previous rulings. In addition, plaintiff's citation to additional case authority in support of his claims does not persuade the Court that reconsideration of its previous rulings is warranted. *Schulz v. I.R.S.*, 395 F.3d 463 (2d Cir. 2005)(*Schulz I*) and *Schulz v. I.R.S.*, 413 F.3d 297 (2nd Cir. 2005)(*Schulz II*), cited by plaintiff, are factually and legally inapposite as they involved the Internal Revenue Service's power to enforce its subpoenas against taxpayers pursuant to the particular procedures set forth in the federal Internal Revenue Code. Plaintiff has not cited any intervening authority that shows the Court made a manifest error of law in reaching the results it did.

Finally, pursuant to Rule 54(b), a court may enter a final judgment for fewer than all of the claims in a case "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Rule 54(b) determinations are to be made only "in the infrequent harsh case as an instrument for the improved administration of justice." *General Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994). Plaintiff has failed to address or show how the factors relevant to such a determination apply in this matter:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or

> absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Corrosioneering v. Thyssen Environmental Systems*, 807 F.2d 1279, 1283 (6th Cir. 1986).  In any event, the facts relevant to the remaining claims and defendants in this case stem from a series of related events that are so intertwined with the dismissed claims and defendants that it would defeat the notion of judicial economy for this Court to invite multiple appeals in this matter.  Accordingly, the Court should decline to enter a final judgment pursuant to Rule 54(b).

**IT IS THEREFORE RECOMMENDED THAT** plaintiff's motions for ruling (Doc. 107) and for revision and/or modification of the Court's Order of June 15, 2005 (Doc. 114) be **DENIED**.

Date:   12/5/2005               s/Timothy S. Hogan
                                Timothy S. Hogan
                                United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

1:02cv948

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☐ Agent<br>☐ Addressee |
| | B. Received by ( Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Kurt Charles Mechler D.C.<br>792 Eastgate South Drive<br>Suite 250<br>Cinti, OH 45245 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7001 2510 0008 6348 2696 | |