IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Kurt Charles Mechler, D.C., | : | Case No. C-1-02-948 |
| | : | |
| Plaintiff, | : | District Judge Susan J. Dlott |
| v. | : | Magistrate Judge Timothy Hogan |
| | : | |
| City of Milford, *et al.*, | : | ORDER DENYING PLAINTIFF'S |
| | : | MOTION FOR |
| Defendants. | : | RECONSIDERATION; DENYING |
| | : | PARTIES' MOTIONS TO STRIKE; |
| | : | AND DENYING DEFENDANTS' |
| | : | MOTION FOR SANCTIONS |

This matter comes before the Court on Plaintiff's Motion for Reconsideration (doc. #125); Defendants' Motions to Strike Plaintiff's Notices of Filing (docs. ##s 128, 129); Plaintiff's Motion to Strike Defendants' Motion to Strike (doc. #131); Defendants' Motion for Sanctions (doc. #130). For the reasons below, all motions are **DENIED**.

I.  BACKGROUND

*Pro se* Plaintiff Kurt Charles Mechler, D.C. ("Mechler") sued the City of Milford, Ohio ("City") and several City employees (collectively, "Defendants") in December 2002, alleging that Defendants violated his federal constitutional rights by obtaining personal information about him, issuing a subpoena to him, and arresting him in connection with an inquiry into City business tax payments.  (See generally docs. ##s 1, 20 (original and first amended complaints), and #104 (order on cross-motions for summary judgment).)  In June 2005, Senior Judge Herman Weber of this Court issued an order on the parties' cross-motions for summary judgment, preserving Mechler's Fourth Amendment wrongful arrest and excessive force claims for trial but

granting summary judgment to Defendants – and denying summary judgment to Mechler – on Mechler's other claims. (Doc. #104 at 44-46.) Of particular note to the instant dispute, Judge Weber found that Defendants were entitled to summary judgment on Mechler's claims that Defendant Carol Woerner, City Tax Administrator, unlawfully accessed his credit report and social security number in violation of the Driver's Privacy Protection Act, 18 U.S.C. § 2721 *et seq*; the Privacy Act, 5 U.S.C. §552a; and the Federal Wiretap Act, 18 U.S.C. 2511 *et seq*. (See doc. #104 at 4-6, 16-18.)

Mechler filed two motions inviting the Court to revise, modify or otherwise revisit the Court's June 2005 summary judgment order, both of which the Court denied on March 1, 2006. (See docs. ##s 107, 114, 123.) Mechler now moves the Court to reconsider its March 1, 2006 order denying the above-referenced reconsideration motions (doc. #123), as well as its "prior recommendations" in this case. (Doc. #125.)

Defendants oppose reconsideration of the Court's prior orders. (Doc. #127.) They also move the Court to strike three documents Mechler has filed in support of his current and past reconsideration motions, some of which appear to be reference copies of pleadings initially filed in the state Court of Common Pleas for Clermont County, Ohio. (See docs. ##s 128, 129 (referencing docs. ##s 106, 125 Ex. F, and 126.)) In addition, Defendants seek an injunction barring Mechler from making any future filings in Clermont County on matters related to this case, and ordering Mechler to "take corrective action" with respect to his current Clermont County filings. (Docs. ##s 128, 129.) Finally, Defendants request the Court to assess sanctions in the form of attorney's fees against Mechler, contending that they were unjustifiably compelled to respond to Mechler's "frivolous" reconsideration motion (doc. #125) and supporting filings

2

(doc. #126).  (Doc. #130.)

Mechler opposes Defendants' strike motions on the merits and also moves the Court to strike those motions from the record.  (Doc. #131.)[1]

## II.     ANALYSIS

### A.     Plaintiff Mechler's Motion for Reconsideration

Mechler's Motion for Reconsideration (doc. #125) challenges this Court's prior order denying reconsideration of Judge Weber's July 2005 summary judgment Order in this case. Mechler attaches a number of documents, including one he describes as an "executed administrative judgment."  (See doc. #125 at 2 and Ex. E.)[2]  The attachments consist in part of what appear to be reference copies of a document captioned "Certificate of Protest," and bearing what appears to be a July 11, 2005 file stamp from the Court of Common Pleas of Clermont County, Ohio.  (See doc. #125 at Exs. C, D, E.)  Although Mechler's memorandum is far from clear, he appears to submit that the attachments reference a binding state-court judgment that preempts or precludes certain findings in the Court's July 2005 summary judgment order. Mechler states that "[t]he attached evidences and administrative judgment . . . clearly delineate the agreement between the parties that there was no commercial paper to authorize any of the Defendants [*sic*] actions delineated by the Complaint, Amended Complaint, and subsequent pleadings."  (Doc. #125 at 2; see also id. at 3 ("The agreement between the parties has been

---

[1] Mechler has not filed a separate response to Defendants' Motion for Sanctions (doc. #130).  Because the requested sanctions appear unwarranted, the Court need not wait for Mechler's response time to run before ruling on the motion.

[2] Mechler cites to an "Exhibit F," but no such exhibit appears in his motion papers as electronically docketed with this Court.

3

established and is anticipated to fully mature which should expedite resolution.").) This contention appears to refer – at least in part – to Mechler's argument, in prior reconsideration motions, that Defendants must be liable for accessing his social security information because they did not obtain his express, prospective consent to do so. (See, e.g., doc. #107 at 2; doc. #114 at 1-3 ¶¶ 1, 6, 12.)

Defendants, in their opposition, contend that Mechler's attachments consist solely of documents already filed with this Court, the Clermont County Recorder's Office, or the Clermont County Court of Common Pleas. (Doc. #127 at 1.) They further contend that to the extent the attachments suggest "that Plaintiff has somehow obtained a default judgment," no such judgment exists and in any event would not bind this Court. (Id.) With respect to Defendants' first contention, Mechler responds that he "accepts [it] as true upon Proof of Claim that the Court had such access to these exhibits and accepted them as being in compliance with Rule 902 of the Federal Civil Rules of Procedure and that they were considered as substantive evidence in support of the previous motions at the time." (Doc. #132 at 1.) Mechler "accepts" Defendants' second contention "upon Proof of Claim that these exhibits are not evidence of the process of plaintiff to establish an agreement of the parties to settle and close this matter in a manner to preserve judicial resources and provide equal protection and due process to the defendants and that the principle of 'once decided always decided' is not binding upon this court." (Id. at 1-2.) The remainder of Mechler's motion similarly purports to invite a series of admissions by Defendants or findings by this Court as to the nature or relevance of his attachments. (Id. at 2.).

Motions for reconsideration are disfavored except where a prior order must be revised to

account for (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority. Meekison v. Ohio Dept of Rehabilitation and Correction, 181 F.R.D. 571, 572 (S.D. Ohio 1998) (citations omitted); see also Fed. R. Civ. P. 60(b). Mechler has not cited any legal authority, let alone any intervening or other authority demonstrating error in the Court's July 2005 summary judgment order or subsequent related orders. Mechler clearly purports to submit new *evidence* he believes is relevant to his claims. (See, e.g., doc. #125 at 2 (referring to documents recently obtained.)) However, as Defendants observe, Mechler's exhibits appear to consist largely of material already lodged with this Court.[3] (Cf, e.g., docs. ##s 125, 106.) To the extent Mechler's exhibits contain new material, the Court is frankly unable to grasp the legal or factual relevance of that material to its prior substantive orders in this case.[4] Mechler's Motion for Reconsideration (doc. #125) is therefore **DENIED**.[5]

    **B.**    **Cross-Motions to Strike and Defendants' Motions to Enjoin Filings**

Defendants have moved, under Federal Civil Rules 12(f),[6] to strike three of Mechler's recent filings: Exhibit "F" to Mechler's Motion for Reconsideration (doc. #125), and two "Notice[s] of Filing" and attached exhibits (docs. ##s 106, 126). (Docs. ##s 128, 129.) Because

---

[3] Mechler suggests in his papers that to the extent the material has already been filed with previous pleadings, his interpretation of that material is now binding on this Court. At the risk of stating the obvious, this is not the case.

[4] Because Mechler has not established the relevance of the documents attached to his Motion for Reconsideration (doc. #125) the Court need not reach Defendants' contentions that those documents are inauthentic or otherwise not binding on this Court.

[5] Mechler's embedded request for "a thirty (35) [*sic*] day period to bring the additional evidence in proper final form" (doc. #125) is also **DENIED**, for the same reasons set forth above.

[6] Defendants also cite Federal Rule 11, which will be discussed at Part II.C, infra.

the Court is unable to locate an "Exhibit F" to Mechler's Motion, it will consider Defendants' motion only as it pertains to the two "Notices of Filing" (docs. ##s 106, 126).

Defendants complain that the challenged documents, captioned "Certificate of Protest," "Certificate of Completed Contract," and "Certificate of Foreign Consent Judgment," evidence Mechler's improper attempts to obtain a default judgment against the City from the Clermont County Court of Common Pleas on matters relevant to this litigation. (Doc. #128 at 2-3; doc. #129 at 2-3.) They further contend that the documents must be struck from this Court's record because they have "no legal basis" and in any event are not binding upon this Court. (Doc. #128 at 2-3, doc. #129 at 2-3.) Finally, Defendants claim this Court should "issue an Order prohibiting [Mechler] from filing further frivolous pleadings" in Clermont County and requiring Mechler to take some unspecified "corrective action" with respect to the challenged pleadings. (Doc. #129 at 1, 3-4.) Mechler responds that "denying [him] this statutory remedy of filing a Foreign Judgment will prejudice [his] ability to seek a remedy with the Defendant." (Doc. #131.) He also moves the Court for an order either striking Defendants' motions to strike (docs. #128, 129), or ordering Defendants to show cause why the documents should not be struck. (Doc. #131.)

This Court has the discretion to strike "any redundant, immaterial, impertinent or scandalous matter" from any pleading. Fed R. Civ. P. 12(f). However, strike orders have long been recognized as a relatively "drastic" remedy "to be resorted to only where required for the purposes of justice." Mapp v. Board of Ed. Of the City of Chattanooga, Tenn., 319 F.2d 571, 576 (6th Cir. 1963). The Court has reviewed the documents Defendants challenge, and does not understand the documents to have any immediate legal import on Mechler's proceedings against

6

the City in this Court. At the same time, the Court is reluctant to presumptively strike documents that could eventually prove relevant, particularly without a stronger showing of actual prejudice to Defendants. See, e.g., id. (emphasis added) (a "motion to strike should be granted only when the pleading to be stricken has *no possible relation* to the controversy").

Even if the Court were prepared to strike the above-referenced pleadings from its own docket, it would have deep reservations about enjoining Mechler from filing *additional* pleadings in this or other courts. Any order prospectively restricting Mechler's filings would constitute a speech and process restraint subject to First and Fourteenth Amendment scrutiny. Federal courts are entitled to impose tailored pre-filing conditions on particularly prolific or vexatious litigants, but Mechler's pleadings to date do not strike the Court as redundant, voluminous, or frivolous enough to justify such conditions. See, e.g., In re Jesse McDonald, 489 U.S. 180 (revoking, above strenuous dissent, leave to proceed *in forma pauperis* from habeas petitioner who had lodged 73 separate filings with the Court over the course of eighteen years).[7] Moreover, there appears to be absolutely no basis for an order purporting to restrain Mechler's filings in Ohio *state* court. Defendants have cited no binding authority for the proposition that this Court may impose a cross-jurisdictional order of this kind in the circumstances of this case.

---

[7] See also, e.g., Filipas v. Lemons, 835 F.2d 1145, 1146 (6th Cir. 1987) (affirming order that plaintiffs who had filed multiple civil complaints concerning same 1972 automobile accident obtain leave of court for future filings); Marbly v. Kay, No. 00-1530, 2000 WL 1827783, at *2 (6th Cir. Dec. 8, 2000) (affirming leave-of-court filing order against plaintiff who had filed eight "duplicative" suits against defendants or parties in privity); Sharwell v. Sherman, No. 00-3467, 2000 WL 1679509, at *2 (6th Cir. Nov. 3, 2000) (affirming filing injunction against plaintiff who had filed several previous lawsuits then dismissed for failure to state a claim or lack of jurisdiction); Smith v. Akron City Council, Nos. 98-3389, 98-3465, 1999 WL 183409, at *1 (6th Cir. March 16, 1999) (affirming leave-of-court filing order against plaintiff who had filed five previous lawsuits arising from related facts, all dismissed.)

Indeed, the Court highly doubts that such an order would be constitutionally sound even if it were otherwise necessary or appropriate. If Defendants are truly concerned that Mechler's Clermont County filings improperly infringe on this litigation, they must raise that matter with the Clermont County Court of Common Pleas or a higher Ohio state court rather than in this foreign forum.

In light of the above, Defendants' Motions to Strike (docs. ## 128, 129) are **DENIED**. Mechler's responsive Motion seeking to strike Defendants' Motions (doc. #131) is also **DENIED**.

### C. Defendants' Motion for Sanctions

The final motion before the Court is Defendants' Motion for Sanctions under Federal Rule 11 (doc. #130). In a recapitulation of arguments discussed above, Defendants contend that Mechler's Motion for Reconsideration (doc. #125) and one of the Notices of Filing (doc. #126) challenged in Defendants' above-referenced Motions to Strike (docs. ##s 128, 129) are "frivolous" and misrepresent "that a judgment has already been obtained against Defendants." (Doc. #130 at 1-2.) They also contend that these two documents are only the latest in a string of repetitive and baseless filings by Mechler since the Court's entry of partial summary judgment in June 2005. (Id. at 1-3.) Defendants reason that they are now entitled to reimbursement of the "substantial attorney fees" they have accrued in responding, both as a matter of equity and "to ensure that Plaintiff will no longer make such filings." (Id. at 3.)

Federal Rule 11 requires parties to certify that their filings are reasonably supported by evidence and law and not "presented for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation." Fed. R. Civ. P. 11(b). Courts

8

may sanction parties who violate Rule 11 by awarding attorney's fees to an opposing party in an amount "limited to what is sufficient to deter repetition" of the improper conduct.  Fed. R. Civ. P. 11(c)(2).  Rule 11 sanctions awards are discretionary, but are considered inappropriate in this Circuit wherever a litigant's conduct appears "reasonable under the circumstances." International Union v. Aguirre, 410 F.3d 297, 304 (6th Cir. 2005).

This Court takes a dim view of sanctions in general, and is particularly reluctant to impose them on a *pro se* litigant who appears to be proceeding in subjective good faith and whose claims have yet to be entirely rejected on the merits.  See, e.g., In re Jesse McDonald, 489 U.S. at 185-88 (Brennan, J., dissenting) (urging tolerance with respect to *pro se* petitions, lest Courts close "our doors to a litigant with a meritorious claim.")  Defendants' Motion for Sanctions (doc. #130) is therefore **DENIED**.

### III. CONCLUSION

For the reasons above, Plaintiff Kurt Charles Mechler's Motion for Reconsideration (doc. #125) is **DENIED**; Defendants' Motions to Strike Plaintiff's Notices of Filing (docs. ##s 128, 129) are **DENIED**; Plaintiff's Motion to Strike Defendants' Motion to Strike (doc. #131) is **DENIED**; and Defendants' Motion for Sanctions (doc. #130) is **DENIED**.

IT IS SO ORDERED.

   s/Susan J. Dlott  
Susan J. Dlott  
United States District Judge