IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Kurt Charles Mechler, D.C., | : | Case No. C-1-02-948 |
| | : | |
| Plaintiff, | : | District Judge Susan J. Dlott |
| v. | : | Magistrate Judge Timothy Hogan |
| | : | |
| City of Milford, *et al.*, | : | ORDER DENYING PLAINTIFF'S |
| | : | MOTION FOR A DATA |
| Defendants. | : | INTEGRITY BOARD HEARING; |
| | : | DENYING DEFENDANTS' |
| | : | MOTION TO STRIKE; AND |
| | : | DENYING PLAINTIFF'S MOTION |
| | : | FOR CONTINUANCE OF TRIAL |

This matter comes before the Court on Plaintiff's Motion for a Data Integrity Board Hearing (doc. #142); Defendants' Motion to Strike Plaintiff's Proposed Jury Instructions, Voir Dire, Deposition Designations, and Motion in Limine (docs. #161); and Plaintiff's Motion for Continuance of Trial (doc. # 165).  For the reasons below, all motions are **DENIED**.

**I. BACKGROUND**

*Pro se* Plaintiff Kurt Charles Mechler, D.C. ("Mechler") sued the City of Milford, Ohio ("City") and several City employees (collectively, "Defendants") in December 2002, alleging that Defendants violated his federal constitutional rights by obtaining personal information about him, issuing a subpoena to him, and arresting him in connection with an inquiry into City business tax payments.  (See generally docs. ##s 1, 20 (original and first amended complaints), and #104 (order on cross-motions for summary judgment).)  In June 2005, Senior Judge Herman Weber of this Court issued an order on the parties' cross-motions for summary judgment, preserving Mechler's Fourth Amendment claims as to Defendants Carol Woerner and Ralph W.

1

Hodges for trial but granting summary judgment to Defendants – and denying summary

judgment to Mechler – on Mechler's other claims.  (Doc. #104 at 44-46.)  A jury trial is

scheduled to proceed in this case on September 18, 2006.  Presently, the Court addresses several

pending motions filed in preparation for trial.

## II. ANALYSIS

### A.      Plaintiff Mechler's Motion for a Data Integrity Board Hearing

With his Motion for a Data Integrity Board Hearing, the Plaintiff argues that two public

records at issue in the case are in conflict.  Accordingly, the Plaintiff seeks a hearing pursuant to

The Freedom of Information Act, 5 U.S.C. § 552(a), and asks the Court to "render an

administrative ruling thereon as to the sustainability as to these records."  (Doc. #142 at 2.)  The

Defendants oppose the Plaintiff's motion.  (Doc. #143.)

The Plaintiff describes the public records he seeks to reconcile as follows:

1)      Public Record A is the Defendants' attorney's pleadings and response,
        absent any evidence, in Case # C-1-02-948.

2)      Public Record B is the attached filings Certified from the Clermont
        County Clerk of the Common Pleas Court, Clermont County, Ohio,
        Certified to be accurate as to the office holder of the records by the
        Secretary of State of Ohio.

(Doc. #142 at 1.)

As an initial matter, the Court notes that 5 U.S.C. § 552(a) does not apply to the instant

case.  The Freedom of Information Act requires federal agencies to make certain forms of

information available to the public.  The Act defines "agency" to include "any executive

department, military department, Government corporation, Government controlled corporation,

or other establishment in the executive branch of the Government (including the Executive

Office of the President), or any independent regulatory agency." 5 U.S.C. § 552(f)(1). The Act

expressly excludes the courts from this definition. 5 U.S.C. § 551(1). Accordingly, the Freedom

of Information Act is in no way relevant to the instant proceeding.

Moreover, the Court finds that a hearing to address any possible conflicts between the

record in the instant case ("Public Record A") and the record of proceedings before the Clermont

County, Ohio Court of Common Pleas ("Public Record B") is unnecessary. The Court

additionally notes that, at this time, the legal import of Public Record B to the instant case is

entirely unclear. The Plaintiff argues that the documents contained in this record show the

Defendants lacked probable cause to arrest him. However, he fails to demonstrate the nexus of

these documents to the probable cause issues remaining in this case.

To the extent that any of these documents are relevant to the instant case and are

otherwise admissible, the Plaintiff may seek to introduce certain documents at trial. The Court

will entertain at that time any and all objections to the admissibility of said documents. In the

event that the Plaintiff ultimately introduces portions of Public Record B and these records are

inconsistent with any other evidence adduced at trial, it is the responsibility of the jury to weigh

those inconsistencies. Mechler's Motion for a Data Integrity Board Hearing (doc. #142) is

therefore **DENIED**.

**B.      Defendants' Motion to Strike Plaintiff's Proposed Jury Instructions, Voir Dire,
         Deposition Designations, and Motion in Limine**

The Defendants move to strike the Plaintiff's proposed jury Instructions, voir dire,

deposition designations, and motion in limine on the basis that each of these documents is

untimely and that the Plaintiff's proposed voir dire questions and jury instructions are irrelevant

and prejudicial.  (Doc. # 161.)  Though the Plaintiff has not yet filed a response to this motion, the Court finds that a response is unnecessary and **DENIES** the Defendants' motion.

With regard to the issue of timeliness, the Defendants argue that the Plaintiff failed to comply with the deadlines set forth on the Final Checklist of Deadlines that this Court distributed during the final pretrial conference.  At that time, the Court advised the parties to submit any proposed voir dire questions, proposed jury instructions and interrogatories, motions in limine, and deposition designations by August 31, 2006.  The Plaintiff, proceeding *pro se*, subsequently requested an extension to this deadline, which this Court granted.  The Defendants do not allege that the Plaintiff's delay has caused them any undue hardship.  Accordingly, the Court finds no basis to strike the documents in question.

Turning to the Defendants' assertion that the Plaintiff's proposed voir dire questions and jury instructions are unduly prejudicial or address matters not properly before the Court, the Court reminds the parties that their proposed jury instructions and voir dire questions are not binding on the Court.  The Court will conduct voir dire and will ask all questions that it deems necessary to isolate eight unbiased jurors.  Similarly, as to the jury instructions, the Court will review both parties' proposed instructions in light of the relevant law and will determine which if any of the parties' proposed instructions it will submit to the jury.  Accordingly, there is no need to strike certain proposed questions or instructions as Defendants suggest.  The Court therefore **DENIES** the Defendants' Motion to Strike Plaintiff's Proposed Jury Instructions, Voir Dire, Deposition Designations, and Motion in Limine. (Doc. #161.)

C.     **Plaintiff's Motion for Continuance of Trial**

The final motion before the Court is Plaintiff's Motion for Continuance of trial.  (Doc.

#165).  With this motion, the Plaintiff seeks a continuance of at least thirty days so that he may

have an adequate amount of time to prepare for trial following the Court's rulings on the other

motions discussed herein.  The Plaintiff filed the instant suit in December 2002.  He has had

more than sufficient time to prepare for trial.  The rulings set forth herein do not so substantially

alter the nature of this case as to warrant a continuance.  As to any pending motions in limine, it

is the Court's practice to defer ruling on all objections to the admissibility of evidence until such

objections arise at trial rather than grant orders in limine which exclude broad categories of

evidence.  See Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975)

(noting that the better practice is to deal with questions of admissibility of evidence as they

arise).  Therefore, the Court **DENIES** Plaintiff's Motion for Continuance of Trial. (Doc. #165.)

### III.CONCLUSION

For the reasons above, Plaintiff's Motion for a Data Integrity Board Hearing (doc. #142)

is **DENIED**; Defendants' Motion to Strike Plaintiff's Proposed Jury Instructions, Voir Dire,

Deposition Designations, and Motion in Limine (docs. #161) is **DENIED**; and Plaintiff's Motion

for Continuance of Trial (doc. # 165) is **DENIED**.

IT IS SO ORDERED.


        ___s/Susan J. Dlott_____
        Susan J. Dlott
        United States District Judge