IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Kurt Charles Mechler, D.C., | : | Case No. C-1-02-948 |
| | : | |
| Plaintiff, | : | District Judge Susan J. Dlott |
| | : | |
| v. | : | ORDER DENYING DEFENDANTS' |
| | : | MOTION FOR ATTORNEY FEES |
| R.W. Hodges, *et al.*, | : | |
| | : | |
| Defendants. | : | |

This matter comes before the Court on Defendants' Motion for Attorney Fees. (Doc. 191.) With this Notice and Memorandum, Defendants move this Court to award attorney fees pursuant to Fed. R. Civ. P. 54(d). For the reasons that follow, the Court **DENIES** Defendants' motion.

I.   PROCEDURAL HISTORY[1]

*Pro se* Plaintiff Kurt Charles Mechler, D.C. ("Mechler") sued the City of Milford, Ohio ("City") and several City employees (collectively, "Defendants") in December 2002, alleging that Defendants violated his federal constitutional rights by obtaining personal information about him, issuing a subpoena to him, and arresting him in connection with an inquiry into City business tax liability. (See generally docs. 1, 20 (original and first amended complaints), and 104 (order on cross-motions for summary judgment).)  In June 2005, Senior Judge Herman Weber of this Court issued an order on the parties' cross-motions for summary judgment, preserving Mechler's Fourth Amendment claims concerning his December 19, 2000 arrest, but granting

---

[1] A complete factual history of this case is provided in doc. 104 and will not be repeated here.

summary judgment to Defendants – and denying summary judgment to Mechler – on Mechler's other claims. (Doc. 104 at 44-46.) Plaintiff subsequently filed two motions asking the Court to revise, modify, or otherwise reconsider its June 2005 summary judgment order. (Docs. 107, 114.) The Court denied these motions on March 1, 2006. (Doc. 123.)

The case proceeded to trial on September 18, 2006. At the close of Plaintiff's evidence on Friday morning, September 22, 2006, Defendants made a Motion for Judgment as a Matter of Law pursuant to Federal Rule of Civil Procedure 50(a). The Court granted in part Defendants' Motion and directed a verdict for Defendants as to Plaintiff's 42 U.S.C. § 1983 unlawful arrest and malicious prosecution claims. That same day, the Court submitted Plaintiff's sole remaining claim – his 42 U.S.C. § 1983 excessive force claim against Defendant Ralph Hodges – to the jury. The jury returned a verdict for Defendant Hodges. On October 20, 2006 Defendants filed a motion for attorney's fees pursuant to Fed. R. Civ. P. 54(d) and 42 U.S.C. § 1988.

## II.    LEGAL STANDARD

Rule 54(d)(2)(b) of the Federal Rules of Civil Procedure provides that any party seeking attorney's fees must do so by motion and "must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought." In this case, Defendants base their motion for attorney's fees on 42 U.S.C. § 1988, which governs the award of attorney's fees in civil rights cases. Pursuant to § 1988, courts have to discretion to award attorney's fees to the prevailing party. N.E. v. Hedges, 391 F.3d 832, 836 (6th Cir. 2004). "[A] prevailing defendant should only recover upon a finding by the district court that 'the plaintiff's action was frivolous,

unreasonable, or without foundation, even though not brought in subjective bad faith.'" Wayne v. Village of Sebring, 36 F.3d 517, 530 (6th Cir. 1994) (quoting Hughes v. Rowe, 449 U.S. 5, 14 (1980)). The Supreme Court has cautioned lower courts to "resist the understandable temptation to engage in post hoc reasoning" when deciding a prevailing defendant's motion for attorney's fees "by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-22 (1978).

### III. ANALYSIS

Defendants argue that they are entitled to attorney's fees in this case because Plaintiff made no effort to investigate the merits of his complaint and produced no evidence, aside from his own unfounded opinions, in support of his claims. In addition, Defendants claim that Plaintiff consistently ignored information that did not fit his view of the case.

While the Court granted summary judgment or judgment as a matter of law to Defendants with regard to the majority of Plaintiff's claims, this alone does not entitle Defendants to attorney's fees. See, e.g., Williams v. City of Southfield, 99 Fed. Appx. 44, 46 (6th Cir. 2004) ("The fact that a [pro se plaintiff's] complaint, even when liberally construed, cannot survive a motion to dismiss does not, without more, entitle the defendant to attorney's fees."(quoting Hughes, 449 U.S. at 15)). While Mechler, a *pro se* plaintiff arguably raised some frivolous arguments in support of his claims, the Court finds that many of his claims – most notably those claims that survived summary judgment – were not frivolous, unreasonable, or without foundation. For example, with regard to his excessive force claim, Plaintiff presented evidence that Officer Hodges placed handcuffs too tightly around his wrists and ignored his requests to

remove or loosen them.  Plaintiff also presented expert testimony that he suffered some injury, albeit minor, as a result of the incident.  Though the jury ultimately determined that Officer Hodges did not use excessive force against Plaintiff, the Court cannot say that Plaintiff's claim was unfounded.  The Sixth Circuit has previously held that it is "abuse of discretion to award attorneys' fees to a prevailing defendant where any part of the plaintiff's cause of action was not frivolous."  Balmer v. HCA, Inc., 423 F.3d 606, 617 (6th Cir. 2005).  Accordingly, an award of attorney's fees is not appropriate in this case.

### III.     CONCLUSION

The Court hereby **DENIES** Defendants' Motion for Attorney Fees.

IT IS SO ORDERED.

   s/Susan J. Dlott           
Susan J. Dlott
United States District Judge